UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

C.A. No. 2:22-cv-3423-DCN-MGB

Shelly G. Hudson,

Plaintiff,

v.

Charleston County School District, Dana Rodgers, in her individual capacity, and Jennifer Coker, in her individual capacity,

Defendants.

**COMPLAINT**
(Jury Trial Requested)

The Plaintiff, Shelly G. Hudson, complaining of the above named Defendants, would respectfully show unto this Honorable Court, the following:

## I. PARTIES, JURISDICTION, AND VENUE

1. The Plaintiff, Shelly G. Hudson, is a resident and a citizen of the City of North Charleston, Charleston County, and State of South Carolina.

2. The Defendant, Charleston County School District (hereinafter referred to as "District") is a subdivision of the State of South Carolina, located in Charleston County, State of South Carolina.

3. Upon information and belief, Defendant Dana Rodgers (hereinafter referred to as "Rodgers") is a citizen and resident of Charleston County, South Carolina.

4. Upon information and belief, the Defendant Jennifer Coker (hereinafter referred to as "Coker") is a citizen and resident of Berkeley County, South Carolina.

5. That this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343 because this action is based on 42 U.S.C. § 1981 and 200e2 *et. seq.* and Title VII of the Civil Rights Act of 1964, as amended and the 14th Amendment to the Constitution of the United States of America.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendants are situated in, or reside in, the Charleston Judicial Division of the United States District Court for the District of South Carolina, and the alleged unlawful and/or wrongful acts giving rise to the Plaintiff's claims were committed within the geographic boundaries of the Charleston Judicial Division.

**<u>FACTS</u>**

7. The Plaintiff who is a white female entered into a Contract of Employment on July 2, 2018, for the position "Position - Title: Classroom Teacher" in Math at the Daniel Jenkins Academy, a public school for high school age students, operated by the "District" and physically located in the City of North Charleston, Charleston County, State of South Carolina, for the public school year 2018-2019, beginning in August of 2018, and ending in May of 2019.

8. That the Contract of Employment between the Plaintiff and the "District" carried with it a District "Position Description" which stated as the "Purpose or Reason for the Position: To help students learn subject matter and/or skills that will contribute to their development as mature, able and responsible men and women" in the subject of Math and that the Plaintiff was to "Reports to: Principal."

9. That the "Principal" to which the Plaintiff reported to the entire time the Plaintiff was

employed by the District and taught Math as a classroom teacher during the time period August of 2018 through May, 2019 was the Defendant "Rodgers."

10. That at all times relevant hereto and during the entire time period from August of 2018 through May of 2019, the Defendant Rodgers was the Principal of the Daniel Jenkins Academy and was the supervisor of the Plaintiff.

11. That during the entire time period from August of 2018 through May of 2019 that the Plaintiff taught Math as a classroom teacher at the Daniel Jenkins Academy the Defendant "Rodgers" was the top supervisor and decision maker with regards to discipline on site at the Daniel Jenkins Academy.

12. That the entire time period from August of 2018 through the month of May of 2019 during which time the Plaintiff was employed by the "District" and working at the Daniel Jenkins Academy and the Defendant "Rodgers" was the Principal of the Daniel Jenkins Academy, the Supervisor of the Plaintiff, and the top Administrator on site in charge of student discipline, the same "District" Rules governing student discipline and what constitutes sexual and racial harassment of employees applied at the Daniel Jenkins Academy as at Wando High School, the Academic Magnet High School, the Charleston County School of the Arts, West Ashley High School, and also other "District" High Schools, a fact which the Defendant Rodgers personally knew and had knowledge of.

13. That the Defendant Jennifer Coker (hereinafter referred to as "Coker"), was at all times relevant hereto, the "District" supervisor of the Defendant "Rodgers", and from August of 2018 through May of 2019, during which time the Plaintiff was employed by the "District" and working at the Daniel Jenkins Academy, and during the entire time of

which the Defendant Rodgers was the Principal of the Daniel Jenkins Academy, the Defendant "Coker" was assigned by the Defendant "District" to be responsible for overseeing the Defendant "District's program at Daniel Jenkins Academy, including discipline of students at the Daniel Jenkins Academy.

14. That the Defendant "Coker" as the "Executive Director of Alternative Programs" with the "District" was instrumental in developing a new "District" wide Progressive Discipline Plan in February of 2017 for students in the "District" including students attending the Daniel Jenkins Academy from August 2018 through May of 2019, and the Defendant "Coker" was instrumental in overseeing and ensuring that the new Progressive Discipline Plan was implemented and carried out at the Daniel Jenkins Academy during that entire time period.

15. That the Defendant "Coker" was the "Director" of the Defendant "Rodgers" at all times relevant hereto.

16. That in August of 2016 the Defendant "District" combined Liberty Hill Academy and the Daniel Jenkins Academy, combining the special education program only at Liberty Hill Academy with Daniel Jenkins Academy and flipped the Daniel Jenkins Academy from serving middle school students to high school students, including overage 8th graders through 12th graders.

17. That the transformation of Daniel Jenkins Academy in August of 2016 from a middle to high school, combining special education students at the same facility with general education students with discipline issues was done in a rushed manner in a matter of "Two to Three Months" according to the Defendant "Rodgers" and was done by the

Defendant "Rodgers"' director, the Defendant "Coker" and was overseen and directed by the Defendant "Coker" in her capacity as a top and final decision making in the Defendant "Coker"s capacity as the "District"s Executive Director of Alternative Programs, without adequate planning or resources allocated to ensure the safety of employees at the Daniel Jenkins Academy or adequate planning or resources to adequately protect employees at the Daniel Jenkins Academy from being exposed to a racially and sexually hostile work environment.

18. That the rushed, ill planned, inadequately resourced combination of Liberty Hill Academy and Daniel Jenkins Academy as implemented at the Daniel Jenkins Academy from August 2018 through May of 2019 by the Defendant "Coker" in her capacity as "Executive Director of Alternative Programs" for the "District" combined with the "Progressive Discipline Plan" implemented by the Defendant "District", acting by and through the Defendant "Coker" who the Defendant "District" put in a position to oversee and direct the new combined Program at the Daniel Jenkins Academy, created a working environment for employees at the Daniel Jenkins Academy to be exposed to abusive and hostile behavior based on sex and race on a frequent, severe and degrading basis.

19. That the combined rushed, ill planned and inadequately planned combination of programs at the Daniel Jenkins Academy as implemented and directed by the Defendant "Coker" as above stated created a hostile working environment for female teachers who lacked safety and support from the Defendant "District", from the Defendant "Coker" and from the Defendant "Rodgers" who was the final decision maker on site at the Daniel Jenkins Academy facility from August of 2018 through May of 2019 by knowingly and willfully

allowing unresolved discipline issues to fester, including no consistent consequences for misbehavior, including the use of racial and sexual slurs by students against female employees, by consciously and knowingly misusing ISS, sending students to ISS for such a short period of time for racially and sexually harassing female teachers and employees, thereby creating a grim working environment where employees suffered from physical and psychological trauma and injuries.

20. That from August 2018 through May of 2019, the Defendant "District" knowingly and with such recklessness as to amount to deliberate indifference, through the actions and inactions of the Defendant "Coker" as the delegated top Administrative official of the Defendant "District" to oversee the Program at the Daniel Jenkins Academy, and by and through the actions and inactions of "Rodgers" who was the final Administrator onsite at the facility and physical premises of Daniel Jenkins Academy as to student discipline, allowed the creation of a hostile working environment for employees to be sexually and racially harassed by students on a frequent and severe basis that substantially altered the working conditions of employees as the result of unresolved discipline and inconsistent responses by the Defendant "Coker" and the Defendant "Rodgers" to sexually and racially hostile behavior by students towards employees at the Daniel Jenkins Academy from August of 2018 through May of 2019.

21. That during the time that the Plaintiff was employed at the Daniel Jenkins Academy as a classroom Math teacher, while the Defendant "Rodgers" was the Principal and the Defendant "Coker" was the overseer of the Program at the Daniel Jenkins Academy as above stated, the Plaintiff was sexually harassed, and intimidated from on or about

August 2018 through May 16, 2019, on an even more frequent and severe basis from March of 2019 through May of 2019.

22. That during the time period the Plaintiff was employed by the "District" as a Math teacher from August of 2018 through May of 2019, the Defendant "Rodgers" was not consistently in attendance on the premises of the Daniel Jenkins Academy.

23. That the "Principal's Summertime Evaluation Form" done by the Defendant "District" on the Defendant "Rodgers" for the 2018-2019 school year found that "the Principal is not consistently in attendance."

24. That the "Principal not consistently in attendance" referred to in Paragraph 23 above is the Defendant "Rodgers."

25. That during the time period that the Plaintiff was employed by the Defendant "District" and taught as a Math teacher at the Daniel Jenkins Academy from August of 2018 through May of 2019, the Defendant "Rodgers" was not effective at managing people or conflict.

26. That during the time period that the Plaintiff was employed by the Defendant "District" and taught as a classroom Math teacher at the Daniel Jenkins Academy from August of 2018 through May of 2019 only 40.79% of the staff at the Daniel Jenkins Academy agreed that students were held accountable for their behavior and only 53.6% of the staff saw the Defendant "Rodgers" as presenting herself as "in charge of the school."

27. That during the time period from August of 2018 through May of 2019 the Defendant "Rodgers" did not work to train her Assistant Principals at the Daniel Jenkins Academy to a level where they could manage the building in her (the Defendant "Rodgers")

absence nor did the Defendant "Rodgers" establish expectations for her Assistant Principals to follow when a crisis occurred in her absence.

28. That during the Spring Semester of the School Year 2019, and during the time period that the Plaintiff was most sexually and racially harassed by students at the Daniel Jenkins Academy while she was employed as a classroom Math teacher on the premises of the Daniel Jenkins Academy the Defendant "Rodgers" was such an ineffective manager of the Daniel Jenkins Academy that the Defendant "Coker" had to twice issue Letters of Reprimand to the Defendant "Rodgers" for her ineffective management of the school.

29. That by allowing the Defendant "Rodgers" to continue being the Principal of the Daniel Jenkins Academy when she knew that the Defendant "Rodgers" was ineffective in managing the school, and was not consistently present on the premises, the Defendant "Coker" exhibited conscious indifference to the safety and health of the employees at Daniel Jenkins Academy, and exposed those employees to frequent racial and sexual harassment by the students which went ineffectively addressed.

30. That during the time period August of 2018 through May of 2019 during which the Plaintiff was a classroom Math teacher at the Daniel Jenkins Academy only 50% of the staff at the Daniel Jenkins Academy felt that the Administration of the Daniel Jenkins Academy ensured their safety in the building.

31. That during the time period that the Plaintiff was employed as a classroom Math teacher at the Daniel Jenkins Academy from August of 2018 through May of 2019 the Administration of the Daniel Jenkins Academy did not process some major referrals appropriately, a reality that exposed the staff, including the Principal to frequent and

degrading sexual harassment by students that was not adequately responded to by the Administration of the Daniel Jenkins Academy.

32. That during the time period that the Plaintiff was employed as a classroom Math teacher at the Daniel Jenkins Academy from August of 2018 through May of 2019, the Administration did not process major referrals of student misconduct in a timely manner, a reality that caused staff there, including the Principal, to be exposed to frequent and degrading racial and sexual harassment by students, who felt emboldened and empowered by that lack of timely and appropriate consequences for racial and sexual harassment of staff, including that of the Plaintiff.

33. That during the time that the Plaintiff was employed at the Daniel Jenkins Academy from August of 2018 through May of 2019, over 75% of the staff surveyed by the Defendant "District" felt that the Administration of the Daniel Jenkins Academy did not apply appropriate consequences for student misconduct.

34. That the "Principal's Summative Evaluation Form" done by the "District" on the Defendant "Rodgers" performance and effectiveness as Principal of the Daniel Jenkins Academy for the time period from August of 2018 through May of 2019 (the 2018-2019 school year) made the observation in writing as part of that Evaluation that the "Overall Climate in the Building is a direct reflection of the leader in the building and that the climate is not positive and productive," and that the leader being referred to was the Defendant "Rodgers" and the building being referred to was the Daniel Jenkins Academy during the time that the Plaintiff was a classroom Math teacher at the Daniel Jenkins Academy.

35. That the Defendant "District" was aware that the staff at the Daniel Jenkins Academy during the school year 2018-2019, had multiple concerns about the management of student behavior at the Daniel Jenkins Academy by the Administration of the school, including by the Defendant "Rodgers."

36. That the "Principal's Summative Evaluation Form" done by the Defendant "District" on the Defendant "Rodgers" for the school year 2018-2019 included a written observation that there was "Evidence that the Assistant Principals have not processed some major referrals appropriately nor have they processed in a timely manner, a reality that contributed to staff at the Daniel Jenkins Academy being subject to increased frequent and degrading racial and sexually hostile behavior by students that was not appropriate or timely addressed which caused it to continue and increase in violence and frequency.

37. That prior to the stat of the 2018-2019 school year, on or about July of 2018, the Defendant "Rodgers" wrote to the Defendant "Coker" and specifically admitted that "I neglected to establish or consistently enforced standards for appropriate student behavior according to local, state and federal requirements."

38. That period to the start of the 2018-2019 school year, on or about July of 2018, the Defendant "Rodgers" wrote to her Supervisor, the Defendant "Coker" and specifically used the words that, "I rarely manage conflict and crisis situations in an effective and timely manner."

39. That prior to the start of the 2018-2019 school year, on or about July of 2018, the Defendant" Rodgers" wrote to the Defendant "Coker" specifically admitting and stating that "I infrequently deal with student misconduct in a prompt and effective manner."

40. That the Defendant "Coker" allowed the Defendant "Rodgers" to continue being the Principal of the Daniel Jenkins Academy for the school year of August 2018 through May of 2019 despite receiving the written admission from the Defendant "Rodgers" in July of 2018 that the Defendant "Rodgers", "neglected to establish or consistently enforce standards for appropriate student behavior according to local, state and federal requirements, rarely managed conflict and crisis situations in an effective and timely manner and infrequently dealt with student misconduct in a prompt and effective manner," as set forth in Paragraphs 37, 38 and 39 above, a reality that exposed the staff employed at the Daniel Jenkins Academy for the time period August of 2018 through May of 2019 to be knowingly and recklessly exposed to student misconduct in a manner that amounted to conscious indifference to the safety and welfare of the staff, including the Plaintiff.

41. That the Defendant "Rodgers" knew that the students at Daniel Jenkins Academy called the white female employees at the Daniel Jenkins Academy "fucking white bitch" while those employees were employed at the Daniel Jenkins Academy during the 2018-2019 school year, because the Defendant "Rodgers" was herself called a "fucking white bitch" many times by students at the Daniel Jenkins Academy during the same time period that the Plaintiff was called "a fucking white bitch" by students at the Daniel Jenkins Academy.

42. That the Defendant "Rodgers" did not effectively or timely discipline or address students calling white female employees at the Daniel Jenkins Academy during the time period August of 2018 through May of 2019, a reality that increased the frequency of such racial

and sexual slurs because there was no timely or effective discipline of such behavior.

43. That the Defendant "Rodgers" was of the belief at all times relevant hereto that it was a frequent occurrence at every Charleston County School in the defendant "District" for female employees to be called a Bitch by students and that was simply a fact of life if you worked as a female employee in a public school in the "District" and was not something she needed to effectively or timely discipline students for to the point of stopping students calling female employees at the Daniel Jenkins Academy "bitches."

44. That as a direct result of the Defendant "Rodgers" not effectively or timely addressing student misconduct towards teachers at the Daniel Jenkins Academy the Plaintiff was frequently called racial and sexual slurs on a regular basis throughout the 2018-2019 school year to the point that substantially disrupted the Plaintiff's capacity to do her job as she was frequently being subjected to racial and sexual slurs based on her gender (female) and race (white) that were humiliating, degrading and frequent.

45. That the Plaintiff was frequently called a "fucking bitch" by students at the Daniel Jenkins Academy throughout the 2018-2019 school year while the Plaintiff was required by law to be present on the premises of the Daniel Jenkins Academy during the school day, and the defendant "Rodgers" knew that students called female employees "fucking bitch" frequently because she (the Defendant "Rodgers") was many times called a "fucking bitch" during the same period.

46. That the students' misconduct towards female employees worsened during the 2018-2019 school year as the racial and sexual slurs aggressively hurled by students towards the Plaintiff and other female employees were not timely or effectively addressed.

47. That on February 6, 2019, a student said, "Fuck you bitch" several times to the Plaintiff while the Plaintiff was teaching at the Daniel Jenkins Academy and the next day on February 7, 2019 a student said, "Fuck you bitch" to the Plaintiff while the Plaintiff was teaching after the same student told the teaching assistant in the same classroom, "I wouldn't fuck your fat ass bitch."

48. On March 5, 2019, while the Plaintiff was teaching at the Daniel Jenkins Academy a student called the Plaintiff a bitch several times; on March 8, 2019, while the Plaintiff was teaching at the Daniel Jenkins Academy, a student yelled at the Plaintiff, "You're a lying mother fucker" in an aggressive manner; and on March 11, 2019, while the Plaintiff was teaching at the Daniel Jenkins Academy, a student called the Plaintiff a "cracker" and told the Plaintiff to "shut the fuck up" and "fuck you bitch."

49. That when the student called the Plaintiff a "cracker" on March 11, 2019, in the Plaintiff's classroom, in front of all the other students, and also told the Plaintiff to "shut the fuck up" and "fuck you bitch", the student was sent to ISS and was then returned back to the Plaintiff's classroom ten minutes later by the Administration of the Daniel Jenkins Academy, something seen and witnessed by all the other students, which served to escalate the sexual and racial harassment of the Plaintiff by the students who witnessed the Plaintiff being called racial and sexual slurs and the student who called the Plaintiff that returned to the classroom within 10 minutes.

50. On March 12, 2019, the very next day after the Plaintiff was called a "cracker" and a "fucking bitch" and the student who used racial and sexual slurs returned to the classroom within minutes, another student told the Plaintiff to "shut the fuck up bitch"

while the Plaintiff was teaching.

51. Two days later on March 14, 2019, a student in the Plaintiff's class began yelling, "Fuck all of you" disrupting the Plaintiff's ability to teach as the students saw there were no real consequences for their behavior.

52. On April 15, 2019, while teaching at the Daniel Jenkins Academy, a student in her classroom called the Plaintiff a "bitch" and told her to "shut the fuck up."

53. On April 18, 2019, while teaching at the Daniel Jenkins Academy, a student in the Plaintiff's classroom yelled at the Plaintiff, "Fuck you bitch" and acted like she was going to physically hurt the Plaintiff.

53. On April 24, 2019, while the Plaintiff was teaching at the Daniel Jenkins Academy, a student in the Plaintiff's classroom told the Plaintiff to "Scratch your ass and get glad, don't get mad cause your boobies sag, Goldilocks with your long hair," directly referring to the Plaintiff's long blonde hair and personal anatomy.

54. On April 30, 2019, while the Plaintiff was teaching at the Daniel Jenkins Academy, a student threatened in a loud voice, "to shut the fuck up with your ugly ass knees" directly referring to the Plaintiff's appearance and body.

55. That on May 2, 2019, while the Plaintiff was teaching at the Daniel Jenkins Academy, a student got right up to the body of the Plaintiff and told her "Fuck you bitch," making her feel humiliated, threatened and degraded.

56. On May 8, 2019, while the Plaintiff was teaching at the Daniel Jenkins Academy, a student began cussing at the Plaintiff and began pushing and shoving the Plaintiff, intimidating the Plaintiff.

57. As a result of the assault on her on May 8, 2019 the Plaintiff missed school until May 14, 2019.

58. On May 14, 2019, when the Plaintiff returned to teaching at the Daniel Jenkins Academy, a student in the Plaintiff's classroom yelled out at the Plaintiff and told her, "Fuck you, you fucking bitch," in front of the Administration of the Daniel Jenkins Academy and told the Plaintiff that she was going to "Fucking steal you off."

59. On May 16, 2019, while teaching at the Daniel Jenkins Academy, a student in the Plaintiff's classroom started yelling at the Plaintiff, "Girl, you wear the same dress every fucking day. You fucking nasty. Go back to your ugly ass chair. Bye fucking ugly ass grandma knees."

60. On May 16, 2019, while still teaching at the Daniel Jenkins Academy, and only a few minutes after the events described in the preceding paragraph, a student told the Plaintiff to "Fuck up bitch, you and your ugly ass dresses, you don't fucking tell me what to do, fucking bitch."

61. That it became increasingly hostile on the basis of race and sex to work at the Daniel Jenkins Academy after the events of March 8, 2019. On March 8, 2019, while the Plaintiff was teaching at the Daniel Jenkins Academy a male student was talking out loud about a train running on a female student in Plaintiff's classroom, which everyone understood as several men having sex with the female student at the same time and the female student got upset and told the male student to stop, but the male student continued to harass the student. The Plaintiff called the Administration at the school to remove the male student. The male student was removed from the class, but before the same class

period was over and in the presence of all the students in the classroom, the Defendant "Rodgers" in her capacity as the Principal and final decision maker to student discipline at the Daniel Jenkins Academy, personally brought the male student back into the same classroom.

62. That after all the students personally witnessed the Principal of the school bring back the male student after the male student was sexually harassing a female student about several men having sex with her at the same time, the sexual harassment of the Plaintiff got worse for the rest of the year as shown in all of the above paragraphs for the rest of April and May of 2019 until the Plaintiff could no longer take it and has been unable to return to teaching since May 16, 2019.

63. That at all times relevant hereto, the Defendant "Rodgers" and the Defendant "Coker" were acting under color of State law, and the "District" by and through the "District's" Policies, Customs, and Protocols, and each of them, subjected the Plaintiff to discrimination and harassment on the basis of gender (sex) and race, in violation of her right to equal protection as provided for in the Fourteenth Amendment to the Constitution of the United States of America.

64. That at the conclusion of the 2019 school year the Defendant "Rodgers" was removed by the "District" as Principal of the Daniel Jenkins Academy for, among other things, failing to adequately and promptly address student misconduct, creating an unsafe environment to work in, and failing to adequately and properly follow state and federal regulations.

65. That the very things that the Defendant "District" removed the Defendant "Rodgers" for from being Principal of the Daniel Jenkins Academy at the conclusion of the 2019 school

year, were things that the defendant "Rodgers" admitted in writing to the Defendant "Coker" prior to the beginning of the 2018-2019 school year.

66. By allowing the Defendant "Rodgers" to continue being the Principal of the Daniel Jenkins Academy after the Defendant "Rodgers" admitted in writing to the Defendant "Coker" that she (the Defendant "Rodgers") neglected to establish or consistently enforce standards for appropriate student behavior according to local, state and federal requirements and that she (the Defendant "Rodgers") "Infrequently dealt with student misconduct in a prompt and efficient manner" subjected the Plaintiff to inadequately and not promptly addressing student misconduct, including sexual and racial harassment, in a way that was consciously, knowingly, and recklessly indifferent to the consequences of allowing the Defendant "Rodgers" to continue to be Principal of the Daniel Jenkins Academy for the 2018-2019 school year.

67. That as a direct result of the racial and sexual harassment the Plaintiff suffered while employed at the Daniel Jenkins Academy during the time period August of 2018 through May 16, 2019, as above stated, the Plaintiff suffered stress, anxiety, fear for her safety, post traumatic stress, depression, a change in her personality, sleep, and deterioration in her body, health to the point where the Plaintiff has had to seek medical care and has been unable to return to any kind of gainful employment since May 16, 2019, thereby also incurring severe income loss.

**FOR A FIRST CAUSE OF ACTION**
**(Violation of Civil Rights 42 U.S.C. § 1981)**

68. Plaintiff repeats and realleges all of the preceding paragraphs as if restated verbatim herein.

69. That while acting under color of state law as agents of the Defendant "District" Defendant "Rodgers" and Defendant "Coker" have discriminated against the Plaintiff by being consciously indifferent to and tolerating a racially hostile environment for the Plaintiff while the Plaintiff was employed at the Daniel Jenkins Academy during school hours and on school grounds.

70. That the acts and omissions of the Defendants, and each of them, were grossly negligent and reckless with regard to Plaintiff's constitutional and statutory rights to work in an environment not subject to racial harassment during the time period from March 2018 to March 2019.

71. That the Plaintiff is entitled to actual, consequential, compensatory damages against the Defendants, and each of them, as well as reasonable attorney fees and costs in having to bring this action, and punitive damages against the Defendants "Rodgers" and "Coker".

72. That as a direct result of the actions and inactions of the Defendants, and each of them, as stated above, and the grossly negligent and reckless disregard by the Defendants, and each of them, to the Plaintiff's constitutional and statutory right to work in an environment not subject to racial harassment, the Plaintiff suffered actual and consequential damages, including adverse physical symptoms, psychological disturbances, symptoms of depression, anxiety, high blood pressure, nausea, stress and anxiety.

73. That the actions and omissions of the Defendants "Rodgers" and "Coker" and each of them, as set forth above, were the actions of Final Decision Makers and were the actions and omissions of high ranking Administrators of the Defendant "District" regarding the

conditions of employment of the Plaintiff at the Daniel Jenkins Academy to the degree that their actions and omissions are those of the Defendant "District" for purposes of the Defendant "District"'s liability under 42 U.S.C. 1981 for interfering with the Plaintiff's right to employment without being subject to racial harassment.

**FOR A SECOND CAUSE OF ACTION**
**(Violation of Civil Rights 42 U.S.C. 1983)**

74. The Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim herein.

75. While acting under color of state law, the Defendants, and each of them, discriminated against the Plaintiff of the basis of her race and gender, in violation of her right to equal protection of rights provided for in the 14th Amendment to the Constitution of the United States of America, and federal statutes, including Title VII of the Civil Rights Act of 1964, as amended.

76. While acting under color of state law, the Defendants, and each of them, have discriminated against the Plaintiff on the basis of her race in violation of her right to equal protection under the 14th Amendment to the Constitution of the United States of America, by subjecting the Plaintiff to a racially hostile work environment.

77. That while acting under color of state law, the Defendants, and each of them, have discriminated against the Plaintiff of the basis of her gender (sex) in violation of her right to work in an environment free of sexual harassment and free of a sexually hostile work environment.

78. The Defendants' actions, and each of them, as above stated, were intentional, wilful, malicious and in reckless disregard of Plaintiff's federally protected rights, and Plaintiff

is entitled to actual, consequential and compensatory damages as well as reasonable attorney fees and costs, under Section 42 U.S.C. 1988 against all Defendants, and punitive damages against the Defendants "Rodgers" and "Coker".

79. That the actions and omissions of the Defendant "Rodgers" and Defendant "Coker", and each of them as set forth above, were the actions of final decision makers and were the actions and omissions of high ranking Administrators of the Defendant "District" regarding the condition of the Plaintiff's employment with the "District" so that the actions and omissions of the Defendants "Rodgers" and "Coker" are those of the "District" for purposes of liability under 42 U.S.C. 1988.

**FOR A THIRD CAUSE OF ACTION**
**(Violation of Title VII of the Civil Rights Act of 1964, as amended) Section 2000(e)**

80. Plaintiff repeats and realleges all of the preceding paragraphs as though restated verbatim herein.

81. Title VII of the Civil Rights Act of 1964, as amended, prohibits employment discrimination based on race, color, religion, sex and national origin, and under Title VII, an employer may not discriminate against an employee with regard to any term, condition or privilege of employment.

82. The Defendant "District" and the Defendants "Rodgers" and "Coker", as agents and high ranking Administrators with final decision making authority over the Plaintiff, are employers covered by the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e) *et. seq.*

83. On or about September 3, 2020, Plaintiff was sent a "Notice of Suit Rights" from the United States Equal Employment Opportunity Commission dated September 3, 2020,

regarding the Plaintiff's charge of racial and sexual discrimination against the Defendant "District" for subjecting the Plaintiff to a racially and sexually hostile work environment from on or about August of 2018 to on or about May 16, 2019, and for violation of Title VII of the Civil Rights Act of 1964, as amended.

84. In her charge of discrimination which the Plaintiff first timely filed with the South Carolina Human Affairs Commission, the Plaintiff alleged that while employed with the Defendant "District" she was subject to a racially and sexually hostile work environment from August of 2018 through May of 2019.

85. The Defendants, and each of them, as above stated and repeated verbatim herein, caused the Plaintiff to work in an atmosphere of racial and sexual hostility, including frequent racial and sexual slurs, including verbal and physical abuse directed at the Plaintiff, including frequent degrading slurs and insults about her appearance, body and female anatomy, that was tacitly tolerated and not adequately or consistently addressed by the Defendants, and each of them.

86. The racially and sexually hostile work environment described above adversely affected the terms and conditions of Plaintiff's employment with the "District" and violated Plaintiff's rights under 42 U.S.C. 2000(e).

87. As a direct and proximate result of Defendants' conduct, as described above, in violation of 42 U.S.C. 2000(e), Plaintiff has suffered stress, anxiety, adverse physical symptoms, psychological disturbances, fear, and elevated high blood pressure, for which the Plaintiff had to seek medical treatment, incur medical expenses and miss time from work.

88. Defendants' unlawful actions as described above were unlawful, knowingly and in

reckless disregard of Plaintiff's federally protected rights and Plaintiff is entitled to actual, consequential and compensatory damages as well as attorney fees and costs under 42 U.S.C. 2000(e) against all Defendants, and punitive damages against Defendants "Rodgers" and "Coker".

**FOR A FOURTH CAUSE OF ACTION**
**Violation of 42 U.S.C. 2000(d) *et. seq.***

89. Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim herein.

90. The Defendant "District" and Daniel Jenkins Academy where the Plaintiff was employed at all relevant times hereto, are programs or activities receiving Federal financial assistance within the meaning of 42 U.S.C. 2000(d).

91. Each of the Defendants as set forth above excluded the Plaintiff from fully participating and denied the Plaintiff the benefits and subjected the Plaintiff to discrimination based on race and sex, in a program or activity receiving Federal financial assistance in violation of Plaintiff's rights under 42 U.S.C. 2000(d) *et. seq.* by subjecting the Plaintiff to a racially and sexually hostile work environment due to her race and gender.

92. As a direct and proximate result of the Defendants' conduct in violation of 42 U.S.C. 2000(d) *et. seq*, Plaintiff has been damaged in that she suffered adverse physical symptoms, stress, anxiety, fear, personality change, insomnia and depression for which she had to seek medical treatment, and Post Traumatic Stress, incur medical expenses and has been unable to work since May 16, 2019, and thereby has suffered severe income loss.

93. Defendants' unlawful actions were willful and in reckless disregard of Plaintiff's federally protected rights and Plaintiff is entitled to actual, consequential and

compensatory damages as well as reasonable attorney fees and costs under 42 U.S.C. 1988 against all of the Defendants, and punitive damages against the Defendants "Rodgers" and "Coker".

WHEREFORE, having fully set forth her allegations against the Defendants, and each of them, the Plaintiff respectfully requests the following relief:

1. Compensatory damages for emotional trauma, mental anguish, and any physical symptoms of ill health, stress, anxiety, insomnia, change in her personality, medical expenses and income loss since May 16, 2019, to the present and continuing;

2. Actual damages against all of the Defendants;

3. Punitive damages against the Defendants "Rodgers" and "Coker";

4. Reasonable attorney fees and costs; and

5. For such other and further relief as this Court deems just and proper.

Plaintiff demands a Jury Trial.

LAW OFFICE OF LAWRENCE C. KOBROVSKY

/s/Lawrence C. Kobrovsky, Esquire
Lawrence C. Kobrovsky
Federal Bar Number: 5294
SC Bar Number: 3592
PO Box 1726
Charleston, SC 29402-1726
Telephone (843)853-3703
Facsimile (843)853-2331
kobrovskyl@bellsouth.net

October 4, 2022

Charleston, South Carolina